# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CLARENCE CLAY LOGUE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV416-039 |
| | ) |
| SHERIFF JOHN WILCHER, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Convicted on May 7, 2015 in Chatham County Superior Court of drug, trespassing, and other charges, Clarence Clay Logue has filed a 28 U.S.C. § 2254 petition here. Doc. 1. He also moves for leave to proceed *in forma pauperis* (doc. 2), which the Court grants because of his indigency. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, however, shows his petition must be dismissed on exhaustion grounds.

Courts cannot grant state habeas applicants relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the

State, within the meaning of [§ 2254], if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. at (c). Logue thus must first present all of his federal claims to the Georgia state courts, *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999), and give them "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845; *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (state habeas petitioner must seek a certificate of probable cause from the Georgia Supreme Court to exhaust his state remedies).

Logue himself discloses that he has sought a certificate of probable cause from the Georgia Supreme Court, doc. 1 at 12-13, and the attached docket sheet from that Court confirms that the case is still proceeding. Logue, a 28 U.S.C. § 1915(g) three-striker[1] who thus knows something about litigation, has failed to give the State "one complete round." *O'Sullivan*, 526 U.S. at 839. In that regard, the Court denies as frivolous his motion to bypass that remedy, doc. 4 (he insists that court won't be fair to him and thus, the appeal is "futile"). The Court likewise denies as frivolous his motion to amend to add respondents, doc. 5. *See* 28 U.S.C. §

---

[1] *See Logue v. Georgia*, CV416-064, doc. 14 (S.D. Ga. June 22, 2016).

2254 Rule 2(a) (§ 2254 petition must name only the state officer who has custody over the petitioner).[2]

Accordingly, Clarence Clay Logue's § 2254 petition should be **DISMISSED** without prejudice. His motion for leave to proceed *in forma pauperis* (doc. 2) is **GRANTED**, but his other motions (docs. 4 & 5) are **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1), (2); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED**, this  11th  day of August, 2016.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Since Logue appears to be housed at the Chatham County, Georgia, jail, the Court has amended the caption to reflect Sheriff John Wilcher as his custodian, *see* http://chathamsheriff.org/Home/Meet-the-Sheriff). The Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall conform.